**THOMAS SCHERN RICHARDSON, PLLC**
1640 South Stapley Drive, Suite 132
Mesa, Arizona 85204
Telephone: 480-632-1929
Fax: 480-632-1938

Richard R. Thomas – Arizona Bar No. 010484
Stephen C. Biggs – Arizona Bar No. 026684
rthomas@thomas-schern.com
sbiggs@thomas-schern.com
*Counsel for San Francisco Peaks Associates, LP*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LONE TREE INVESTMENTS, LLC<br>PINE CANYON GOLF, L.L.C.<br>MOUNTAIN VISTA AT PINE CANYON, L.L.C.<br>ELK PASS, L.L.C.<br>DEER CREEK CROSSINGS, L.L.C.<br>CREEKSIDE VILLAGE HOMES, LLC<br><br>Debtor. | Chapter 11 Proceedings<br><br>**Case No. 2:10-bk-26776-RTBP**<br>Consolidated with:<br>   Case No. 2:10-bk-26779-RTBP<br>   Case No. 2:10-bk-26785-RTBP<br>   Case No. 2:10-bk-26790-RTBP<br>   Case No. 2:10-bk-26792-RTBP<br>   Case No. 2:10-bk-26794-RTBP<br><br>**OBJECTION OF SAN FRANCISCO PEAKS ASSOCIATES, LP TO DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION DATED JANUARY 24, 2011** |

Pursuant to 11 U.S.C. § 1128(b), creditor San Francisco Peaks Associates, LP ("SFP") hereby objects to the confirmation of Debtors' First Amended Joint Plan of Reorganization ('the Plan") dated January 24, 2011.

///

///

1

## I. FACTUAL BACKGROUND

On January 14, 2000, SFP entered into a Purchase and Sale Agreement to sell to Vanderbilt Farms, LLC, certain undeveloped real property in Coconino County, Arizona ("SFP Parcel"). Vanderbilt Farms assembled the SFP Parcel and certain other undeveloped real property. Vanderbilt Farms then caused this property to be conveyed to Lone Tree Investments, LLC ("Lone Tree"). Lone Tree proceeded to develop the property, including the SFP Parcel, into a golf course development currently known as Pine Canyon.

Under SFP's Purchase and Sale Agreement with Vanderbilt Farms, Vanderbilt Farms agreed to convey a subdivided lot to SFP or its designee pursuant to paragraph 9.7 of the Purchase and Sale Agreement. That paragraph provides:

> In the event the sale property is acquired by Buyer as provided herein, within thirty (30) days after the issuance of a public report permitting the sale of legally subdivided lots of the Real Property and Buyer's commencement of marketing activities relating thereto, Buyer shall convey to Seller or its designee a one-half (1/2) acre lot of the Real Property selected by Seller from a list of not less than 10 such lots prepared by Buyer.

(See Exhibit 1 hereto) The obligation to convey the lot to SFP is binding on Lone Tree, the current owner of the property, pursuant to paragraph 11.7 of the Purchase and Sale Agreement, which states, "This Agreement shall be binding upon and shall inure to the benefit of, and shall be enforceable by, the Parties and their respective heirs, beneficiaries, personal representatives and successors, successors in interest and assigns."

At the time the Purchase and Sale Agreement was signed, it was contemplated by Vanderbilt Farms that it would convey its interest in the Property to another entity.

2

Pursuant to the Agreement, the new purchaser would be responsible for performance of all obligations under the Purchase and Sale Agreement. Paragraph 11.11 of the Purchase and Sale Agreement states:

> "11.11 Prior to or at the Closing, the person named herein as "Buyer" shall have the right to transfer and assign his rights, title and interest under and with respect to this Agreement to any other person or entity. Promptly after any such transfer or assignment, the person named herein as "Buyer" and the assignee shall give written notice thereof to Seller and the Escrow Agent. After any such transfer or assignment, the assignee shall own, hold and enjoy all of the rights, title and interests, privileges and benefits of the Buyer hereunder and shall be fully obligated as to and liable and responsible for the performance of all duties, liabilities and obligations of Buyer hereunder; and the person originally named as the Buyer hereunder shall have no obligation, liability or responsibility for any performance of any duty, liability or obligation hereunder. Seller acknowledges that it has been informed that as of the Execution Date, the person named herein as "Buyer" anticipates that he will transfer or assign such rights, title and interest under and with respect to this Agreement."

The Purchase and Sale Agreement was subsequently assigned to Lone Tree Investments, LLC.

Part of the property conveyed by SFP was subdivided into a new development within Pine Canyon called Deer Creek Crossing. (Public Report Registration No DM08-054559). Further, SFP believes that lots within the Deer Creek Crossing development have been priced and are currently being marketed for sale to the public. Based on the Purchase and Sale Agreement, the two conditions for conveyance of the half-acre lot to SFP or its designee have been met: (i) issuance of the public report; and (ii) commencement of marketing activities. The public can review the lots for sale in Deer Creek Crossing at www.pinecanyon.net.

In order to protect its rights under the Purchase and Sale Agreement, SFP caused a Notice of Interest in Real Property to be recorded with the Coconino County Recorder on September 26, 2006 (Recorders No. 3404534). (See Exhibit 2 hereto) Part of this property was conveyed for part of John Wesley Powell Blvd., so an amended Notice of Real Property was recorded with the Coconino County Recorder on January 31, 2008 (Recorders No. 3474353). (See Exhibit 3 hereto.)

SFP has filed a proof of claim (Claim No. 20). Debtors' Plan puts SFP in its own class (Class 4). The Plan classifies SFP's interest simply as "claim. The Plan proposes to pay SFP the value of its "allowed" claim by making annual payments of principal and interest over ten years.

## II. DEBTORS' PLAN OF REORGANIZATION FAILS TO VALUE SFP'S INTEREST AND PROPOSES AN UNREASONABLE PAYOUT TERM.

Debtors' Plan puts SFP's claim in a class by itself, Class 4. The Plan proposes that any allowed claim of SFP shall be paid in equal annual payments of principal and interest over a period of 10 years. SFP objects to the manner in which debtors have structured the repayment of its claim. 10 years in manifestly burdensome and unreasonable. Moreover, the Plan provides no valuation of SFP's claim. SFP contends that the parcel at issue is worth no less than $565,400.

## III. CONCLUSION

For these reasons, SFP requests that this Court sustain SFP's objection and deny confirmation of Debtors' First Amended Plan of Reorganization.

4

DATED this 25th day of February, 2011.

**THOMAS SCHERN RICHARDSON, PLLC**

By: /s/ Richard R. Thomas
 Richard R. Thomas
 Stephen C. Biggs
 1640 South Stapley Drive, Suite 132
 Mesa, Arizona 85204
 *Counsel for San Francisco Peaks Associates, LP*

ORIGINAL *electronically filed* this 25th day of February, 2011 with the Clerk of the United State Bankruptcy Court, District of Arizona and *electronically delivered* via ECF to all registered users in this matter and COPY *mailed* this same date to:

GE Money Bank
c/o Recovery Management Systems Corp.
ATTN: Rmash Singh
25 SE 2nd Avenue, Suite 1120
Miami, Florida 33131

/s/ Kristin E. Davenport

5