

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Henk Taylor, State Bar No. 016321
Direct Dial: (602) 262-0254
Direct Fax: (602) 734-3831
Email: HTaylor@LRLaw.com

*Attorneys for Wespac Communities, Inc.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>LONE TREE INVESTMENTS, LLC<br>PINE CANYON GOLF, L.L.C.<br>MOUNTAIN VISTA AT PINE CANYON, L.L.C.<br>ELK PASS, L.L.C<br>DEER CREEK CROSSING, L.L.C.<br>CREEKSIDE VILLAGE HOMES, LLC<br><br>                        Debtors.<br><br>This filing applies to:<br><br>☒   ALL DEBTORS<br><br>☐   SPECIFIED DEBTORS | Chapter: 11<br><br>Case No. 2:10-bk-26776 RTBP<br>         2:10-bk-26779 RTBP<br>         2:10-bk-26785 RTBP<br>         2:10-bk-26790 RTBP<br>         2:10-bk-26792 RTBP<br>         2:10-bk-26794 RTBP<br><br>Joint Administration under<br>Case No. 2:10-bk-26776-RTBP<br><br>**WESPAC'S OBJECTION TO DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION DATED JANUARY 24, 2011** |

Wespac Communities, Inc. ("Wespac") hereby objects to the "Debtors' First Amended Joint Plan of Reorganization Dated January 24, 2011" filed by the above-captioned Debtors on January 24, 2011 [DE 198] (the "Plan"). In support of this objection, Wespac further states as follows:

## I. Background.

1. On August 24, 2010, (the "Petition Date"), the Debtors each filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101, *et seq.*). The cases are being jointly administered.

2. No trustee or examiner has been appointed in the Debtors' bankruptcy proceedings, and the Debtors continue to operate their businesses as debtors-in-possession.



3. Wespac is an Arizona corporation and licensed contractor in the State of Arizona.

4. Prior to the Petition Date, Wespac entered into a written agreement (the "Contract") with Debtor Elk Pass, LLC ("Elk Pass") whereby Wespac agreed to furnish certain labor, materials, machinery, fixtures and tools required to perform certain work on a project known as Elk Pass Townhomes.

5. Prior to the Petition Date, Elk Pass breached its obligations under the Contract by failing to pay Wespac all sums due Wespac under the Contract.

6. To secure the sums due Wespac under the Contract, Wespac recorded a mechanic's lien against certain property located in Coconino County, Arizona on March 27, 2009. This mechanic's lien (the "Mechanic's Lien"), as amended, was recorded at document nos. 3518392, 3520233 and 3534794 in the Official Records of Coconino County, Arizona.

7. On August 20, 2009, Wespac filed an action in Coconino County Superior Court, case no. CV2009-0740, against Elk Pass and other defendants seeking, among other things, foreclosure of the Mechanic's Lien. Wespac timely recorded a notice of *lis pendens* in the Official Records of Coconino County, Arizona.

8. As of the Petition Date, the Mechanic's Lien encumbered, among other properties, the following real estate located in Coconino County, Arizona ("Elk Pass Lot 46"):

> Lot 46 of Tract 21, Amended Final Plat of Mountain Villas at Pine Canyon, according to the plat of record in Instrument No. 3416358 and Certificate of Correction recorded in Instrument No. 3427335, in the Official Records of Coconino County, Arizona.

9. As of the Petition Date, Elk Pass held beneficial title to Elk Pass Lot 46.

10. On January 11, 2011, Wespac filed a proof of claim (Claim no. 3 in Elk Pass LLC case) in the bankruptcy case of Elk Pass asserting both secured and unsecured claims against Elk Pass. The secured claim is in the amount of $448,388.39 secured by the

2310537.1



Mechanic's Lien on Elk Pass Lot 46. The unsecured claim is in the amount of $464,272.50

11. Wespac's secured claim is treated in Class 3-E of the Plan. Wespac's unsecured claim is treated in Class 9.

12. Wespac and the Debtors are close to finalizing a settlement of their disputes. This settlement includes, among other things, agreed-upon treatment of Wespac's claims under the Plan.

13. Nonetheless, as of today's deadline for Wespac to file objections to the Plan, Wespac and the Debtors have not executed a binding settlement agreement. Thus Wespac files this objection to preserve its right to object to the Plan in the event that a settlement cannot be finalized.

## II. Objections.

### a. The Plan Identifies the Wrong Holder of the Class 3-E Claim.

The Plan identifies "Wespac Residential, Inc." as the holder of the secured claim in Class 3-E. As noted above, however, Wespac Communities, Inc. is the holder of the secured claim in Class 3-E.

### b. The Plan Violates § 1129(b) With Respect to Wespac's Secured Claim in Class 3-E.

Wespac's claim in Class 3-E is impaired. Wespac has not accepted the Plan in Class 3-E. Accordingly, the Plan cannot be confirmed unless the Debtors satisfy the requirements for "cram down" under Bankruptcy Code § 1129(b) for this class. 11 U.S.C. §§ 1129(a)(8) and (b).

As noted above, Wespac and the Debtors are close to finalizing a settlement that will include stipulated treatment of Wespac's Class 3-E claim. The Plan refers to this "tentative settlement" in its proposed treatment of the Class 3-E claim. While Wespac is optimistic that a settlement will be finalized and presented to the Court for approval, Wespac must assume for the purposes of this objection that a settlement will not be reached. Accordingly, the Plan's reference to the proposed treatment of Wespac's Class

2310537.1



3-E claim pursuant to the terms of this settlement is premature and will be ignored for the purposes of this objection. If the settlement is finalized and approved by the Court, the Plan's treatment of Wespac's Class 3-E claim will have to be further revised to conform to the terms of the settlement.

For now, Wespac will assume that the Plan's alternate treatment of the Class 3-E claim applies. That treatment provides that "the allowed claim of Wespac shall be paid in full, amortized over 15 years, with a maturity date 10 years from the date of the order allowing such claim." The Plan proposes to pay interest on this claim at the "Plan Rate" of 5 percent per annum. This treatment of Wespac's Class 3-E claim fails the test of Section 1129(b) in several respects.

First, the Plan does not expressly provide that Wespac shall retain its lien on Elk Pass Lot 46 to "the extent of the allowed amount" of Wespac's secured claim. 11 U.S.C. § 1129(b)(2)(A)(i)(I). The Plan says nothing about Wespac retaining its lien. More importantly, the Plan proposes to prime Wespac's existing lien on Elk Pass Lot 46 with a lien securing the Post-Confirmation Credit Facility to be advanced by Flagstaff Acquisitions, LLC. (Plan at § V(A)). Priming Wespac's lien to secure a proposed $5 million loan would effectively eliminate Wespac's lien on this property. The Plan clearly does not adequately protect Wespac's lien; and thus violates Section 1129(b)(2)(A)(i)(I).

Second, the Plan does not fix the commencement date for the payment of Wespac's Class 3-E claim. The Plan provides only that the payment term will run from the date of an order allowing this claim. Given that the Plan allows the Debtors up to 120 days after the effective date to file an objection to Wespac's Class 3-E claim, this is the earliest start date for the payment period. In light of the fact that Elk Pass, LLC is already disputing Wespac's claim, Wespac anticipates that the Debtors will object to this claim and the parties will have to litigate that objection. This will further delay the start of the payment term. Yet, the Plan does not provide for payment of interest on this claim for the period of time between the plan effective date and when the claim is ultimately allowed by court

2310537.1



order. Thus the plan does not provide Wespac with the full value of its claim "as of the effective date" of the Plan as required by Section 1129(b)(2)(A)(i)(II).

Third, Wespac asserts that the proposed interest rate of 5 percent per annum is not a market rate of interest on Wespac's Class 3-E claim. Wespac is entitled to interest at the rate of 18 percent per annum under state law on its claim. Thus the Plan's treatment of Wespac's Class 3-E claim violates Section 1129(b)(2)(A)(i)(II) for this reason as well.

Finally, stretching out payment of Wespac's secured claim over 10 years based on a 15-year amortization is not "fair and equitable" treatment of this claim. The Plan therefore violates Section 1129(b)(1).

### c. The Plan is Not Feasible (§ 1129(a)(11)).

The Plan does not satisfy the feasibility requirement of Section 1129(a)(11). Wespac hereby adopts and incorporates herein the feasibility objection asserted by Johnson Bank in its "<u>Objection to Debtors' First Amended Joint Plan of Reorganization Dated January 24, 2011</u>" [DE 263] at pages 10 to 13.

### d. Reservation as to Good Faith (§ 1129(a)(3)).

Wespac reserves the right to object to the Plan based upon the "good faith" requirement of Section 1129(a)(3).

### e. Reservation as to Accepting Impaired Class (§ 1129(a)(10)).

Wespac reserves the right to object to the Plan for failure to obtain an accepting impaired class as required by Section 1129(a)(10).

## III. Conclusion.

Accordingly, Wespac objects to the Plan and requests the Court deny confirmation.

RESPECTFULLY SUBMITTED this 28th day February, 2011.

LEWIS AND ROCA LLP

By /s/ Henk Taylor (#016321)
Henk Taylor
*Attorneys for Wespac Communities, Inc.*

5

2310537.1



| | |
|---|---|
| 1 | |
| 2 | COPY of the foregoing e-mailed on February 28th, 2011 to: |
| 3 | John J. Hebert<br>Mark Roth |
| 4 | Wesley D. Ray<br>Polsinelli Shughart, .P.C. |
| 5 | 3636 N. Central Ave., Suite 1200<br>Phoenix, AZ 85012 |
| 6 | E-mail: jhebert@polsinelli.com<br>           mroth@polsinelli.com |
| 7 |            wray@polsinelli.com |
| 8 | *Attorneys for Debtors* |
| 9 | |
| 10 |  /s/  *Jayme Williams*_____<br>Lewis and Roca LLP |

2310537.1