Randall D. Crocker, Esq. (Admitted *pro hac vice*)
Mark F. Foley, Esq. (Admitted *pro hac vice*)
VON BRIESEN & ROPER, S.C.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Facsimile: (414) 238-6532
Email: rcrocker@vonbriesen.com and mfoley@vonbriesen.com

Christopher H. Bayley, Esq. (Bar No. 010764)
Colleen M. Reider, Esq. (Bar No. 027260)
SNELL & WILMER L.L.P.
400 E. Van Buren
One Arizona Center
Phoenix, AZ 85004-2202
Telephone: (602) 382-6200
Facsimile: (602) 382-6070
Email: cbayley@swlaw.com
creider@swlaw.com

Attorneys for Silverleaf Acquisition Holdings, LLC, successor-in-interest to Johnson Bank

**IN THE UNITED STATES BANKRUTPCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>LONE TREE INVESTMENTS, LLC.<br>PINE CANYON GOLF, L.L.C<br>MOUNTAIN VISTA AT PINE CANYON, L.L.C.<br>ELK PASS, L.L.C.<br>DEER CREEK CROSSING, L.L.C.<br>CREEKSIDE VILLAGE HOMES, LLC<br><br>                 Debtors.<br><br>This filing applies to:<br><br>☒ All Debtors<br><br>☐ Specified Debtors | Chapter 11<br><br>Case No. 2:10-bk-26776-RTBP<br>Case No. 2:10-bk-26779-RTBP<br>Case No. 2:10-bk-26785-RTBP<br>Case No. 2:10-bk-26790-RTBP<br>Case No. 2:10-bk-26792-RTBP<br>Case No. 2:10-bk-26794-RTBP<br><br>Joint administration under<br>Case no. 2:10-bk-26776-RTBP<br><br>**SILVERLEAF ACQUISITION HOLDINGS, LLC'S OBJECTION TO DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO FED.R.BANKR.P. 9019**<br><br>Related DE(s): 312 |

Silverleaf Acquisition Holdings, LLC, successor-in-interest to Johnson Bank ("Silverleaf"), by its attorneys, von Briesen & Roper, s.c. and Snell & Wilmer L.L.P., hereby

objects (the "Objection") to the *Motion for Order Approving Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019* (the "Settlement Motion") filed by the above-captioned jointly-administered debtors, Lone Tree Investments, LLC, Pine Canyon Golf, L.L.C., Mountain Vista at Pine Canyon, L.L.C., Elk Pass, L.L.C., Deer Creek Crossing, L.L.C. and Creekside Village Homes, LLC (collectively, the "Debtors").[1] Silverleaf objects to the Settlement Motion because it, among other things: (i) violates the absolute priority rule; (ii) purports to spend estate funds to settle a claim to real property that is not part of the bankruptcy estate; and (iii) lacks any evidentiary support that the Settlement Agreement is fair, equitable, or in the best interests of the estate. As detailed below, the Settlement Motion cannot be approved under Federal Rule of Bankruptcy Procedure 9019. This Objection is supported by the following Memorandum of Points and Authorities, and all prior pleadings and paper in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. FACTUAL BACKGROUND**

    **A. The Johnson Bank Loan**

    1. On June 26, 2008, Lone Tree Investments, LLC, Mountain Vista at Pine Canyon, L.L.C., Elk Pass, L.L.C., Deer Creek Crossing, L.L.C. and Creekside Village Homes, LLC ("Borrowers"),[2] for good and valuable consideration, executed in favor of Johnson Bank a Floating Rate Note in the original amount of $25 million (the "Note"). *See Johnson Bank's Motion for Relief from the Automatic Stay and for Abandonment* ("MFR"), ¶ 4, filed with this Court on January 6, 2011 at Docket Entry No. 171.[3]

    2. The Note was extended and modified by a Loan Extension Agreement dated as of June 24, 2009 and a Second Extension Agreement date as of August 25, 2009. The Note fully

---

[1] Both the Debtors and Wespac (as defined below) provided Silverleaf with a one-day extension to file this Objection.
[2] The Borrowers under the Note are all of the Debtors, except Pine Canyon Golf, L.L.C.
[3] Silverleaf hereby respectfully requests the Court take judicial notice of the MFR pursuant to Federal Rule of Evidence 201.

matured on June 26, 2010. *See* MFR ¶ 5.

       3.      The Note is secured by (among other things) a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated June 26, 2008 (the "<u>Deed of Trust</u>"). The Deed of Trust relates to certain real property owned by the Borrowers located in Coconino County, Arizona, specifically described therein. The Deed of Trust was recorded with the Coconino County, Arizona, Recorder's Office on July 3, 2008, as Document Number 3492122. *See* MFR ¶ 6.

       4.      Borrowers have defaulted under the terms of the Note as a result of their failure to pay the amounts due thereunder. *See* MFR ¶ 9.

       5.      On or about March 31, 2011, Johnson Bank assigned all of its interest under the Deed of Trust to Silverleaf. The Assignment of Deed of Trust was recorded with the Coconino County, Arizona, Recorder's Office on April 14, 2011, as Document Number 3592935. *See* Docket Entry No. 346.[4]

       **B.**      <u>**The Bankruptcy Petitions and Settlement Motion**</u>

       6.      On August 24, 2010 (the "<u>Petition Date</u>") the Debtors each filed a voluntary Chapter 11 Petition under Title 11 of the United States Code.

       7.      On or about April 5, 2011, the Debtors filed their Settlement Motion, requesting that the Court approve a Settlement Agreement (the "<u>Settlement Agreement</u>") with creditor Wespac Communities, Inc., Wespac Residential, Inc. and Wespac Construction, Inc. (collectively, "<u>Wespac</u>"). Docket Entry No. 312.[5]

       8.      According to the Settlement Agreement, attached as an exhibit to the Settlement Motion, Wespac's claim against the estate originates from the Debtors' failure to pay Wespac for

---

[4] Silverleaf hereby respectfully requests the Court take judicial notice of Docket Entry No. 346 pursuant to Federal Rule of Evidence 201.
[5] Silverleaf hereby respectfully requests the Court take judicial notice of Docket Entry No. 312 pursuant to Federal Rule of Evidence 201.

- 3 -

completed work on three pieces of real property (Lots 30, 45 and 46) within the Elk Pass Project. Settlement Agreement at ¶¶ D-F.

9. Specifically, the Debtors allegedly owe Wespac $81,951.43 for unpaid work on Lot 30, $106,836.13 for unpaid work on Lot 45, and $208,994.21 for unpaid work on Lot 46. Settlement Agreement at ¶ F.

10. Currently, Lots 30 and 45 are not property of the estate but Lot 46 remains property of the estate. Accordingly, on its Proof of Claim No. 3-1, Wespac listed the outstanding amount owed on Lots 30 and 45 as unsecured and the outstanding amount owed on Lot 46 as secured.

11. Despite the fact that Lots 30 and 45 are not property of the estate, the Settlement Agreement purports to pay Wespac $337,500 in exchange for Wespac's release of its liens on these Lots. Settlement Agreement at ¶ 2-3.

12. In contrast, the Settlement Agreement purports to allow Wespac to retain its lien on Lot 46 and grant Wespac stay relief on Lot 46. Settlement Agreement at ¶¶ 4-5.

13. According to the Debtors' *Motion to Extend the Previously-Approved Debtor-in-Possession Credit Facility*, Docket Entry No. 322, the Debtors intend on immediately paying Wespac the $337,500 payment provided for in the Settlement Agreement with its Debtor-In-Possession Financing ("DIP Financing").

14. The Debtors do not attach any affidavit or declaration supporting their Settlement Motion.

## II. ARGUMENT

### A. Standard for Approval of a Settlement Agreement under Rule 9019

Approval of a settlement under Bankruptcy Rule 9019 "requires more than just a 'rubber-stamping' of an agreement." *In re Planned Prot. Serv., Inc.*, 130 B.R. 94, 96 (C.D. Cal. 1991) (denying a motion to compromise where the proposed compromise was not fair and equitable to the unsecured creditors). Instead, the bankruptcy court may only approve a settlement where the

agreement is fair, equitable and reasonable under the individual circumstances of each case. *In re A & C Prop.*, 784 F.2d 1377, 1381 (9th Cir. 1986). A bankruptcy court that approves a proposed settlement under Rule 9019 without considering these factors has abused its discretion. *In re Fitzgerald*, 2010 WL 1655861, at *8-9 (9th Cir. B.A.P. April 15, 2010). In assessing the reasonableness of a settlement, the Bankruptcy Court must consider the probability of success in the litigation, the difficulties, if any, to be encountered in the matter of collection, the complexity of the litigation involved, and ***the paramount interest of the creditors and a proper deference to their reasonable views regarding the settlement.*** *In re A & C Prop.*, at 1381 (emphasis added). The debtor has the burden of persuading the bankruptcy court that the proposed settlement meets the fair, equitable and reasonable test. *Planned Prot. Serv., Inc.*, 130 B.R. at 96.

Here, the Debtors fail to meet their burden of persuading the Court that the Settlement Agreement is fair and equitable and is in the paramount interests of creditors. Specifically, the Settlement Motion, among other things, purports to: (i) immediately pay out an unsecured creditor in violation of the absolute priority rule; and (ii) draw down a substantial amount of DIP Financing to pay Wespac in exchange for the release of its liens on property that are not property of the estate. Further, the Settlement Motion attaches no affidavit or declaration evidencing that the Settlement Agreement is, in fact, in the best interests of the estate. On these bases, the Debtors fail to establish that the Settlement Agreement is fair, equitable, reasonable, or in the paramount interests of creditors, as required by *Woodson* and *A & C Properties*. Accordingly, the Settlement Motion cannot be approved.

### B.   The Debtors Cannot Pay Wespac in Violation of the Absolute Priority Rule

The Debtors' Settlement Agreement cannot be approved because, among other things, it violates the absolute priority rule. Under the *Woodson* factors, a bankruptcy court cannot approve a settlement agreement that is not fair and equitable. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). A settlement agreement is not fair and equitable if it violates the absolute priority rule. *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478

F.3d 452, 465-66 (2d Cir. 2007) (settlement agreements that circumvent the absolute priority rule should not be approved absent a clear, articulate, and sufficient justification); *see also In re High Tech Packaging, Inc.*, 397 B.R. 369, 373 (Bankr. N. D. Ohio 2008) ("the Trustee may not use its settlement agreement as a means to afford parties a greater distribution of estate assets than what they would have otherwise been entitled to receive under bankruptcy law").

According to the Settlement Agreement, the Debtors intend to immediately pay Wespac $337,500 in satisfaction of Wespac's ***unsecured*** claims (for Lots 30 and 45) against the Debtors. Wespac's unsecured claim, however, is not an administrative or priority claim. Even more, there is nothing in the record to indicate that Wespac's claim is superior to Silverleaf, or any other secured and unsecured creditor. Such a payment is a clear violation of the absolute priority rule as it, among other things: (i) pays out Wespac prior to all secured creditors; (ii) pays out Wespac prior to all other unsecured creditors; and (iii) provides Wespac with a greater distribution of estate assets than what Wespac would have otherwise been entitled to receive under bankruptcy law. Despite this clear violation of the absolute priority rule, Wespac and the Debtors fail to provide the Court with a clear, articulate, and sufficient justification for paying Wespac now, rather than through the Debtors' plan of reorganization. Because the payment to Wespac under the Settlement Agreement violates the absolute priority rule, the Settlement Agreement is not fair and equitable and cannot be approved.

### C. The Debtors Cannot Use Estate Funds to Pay Claims Arising from Non-Estate Property

The Settlement Agreement is not in the paramount interests of the creditors because it proposes to utilize DIP Financing to immediately pay Wespac on claims against property that do not belong to the estate. In addition to being fair and equitable, the bankruptcy court must find that the settlement is in the paramount interests of the creditors, giving proper deference to their reasonable views regarding the settlement. *In re A & C Prop.*, at 1381. Here, the Debtors' Settlement Motion purports to immediately draw down on DIP Financing in order to pay Wespac

pursuant to the Settlement Agreement. This arrangement is not in the paramount interests of the Silverleaf or other creditors, nor in the best interests of the estate.

In order to pay Wespac, the Debtors must draw down an additional $337,500 from DIP Financing. Pursuant to the DIP financing order, the DIP financing lender's lien on the Debtors' real property will prime all other liens. Accordingly, by drawing down an additional $337,500, the Debtors are allowing the DIP financing lender, an insider of the Debtors, to prime Silverleaf's lien by an additional $337,500, plus interest, thus further eroding Silverleaf's interests in the property. In addition to making this $337,500 payment to Wespac, the Debtors are also giving Wespac stay relief to foreclose on Lot 46, even though, among other things: (i) Lot 46 is secured by Silverleaf's Deed of Trust; and (ii) the Court has not ruled that Wespac's lien on Lot 46 is superior to Silverleaf's lien. Based on this, the Settlement Agreement is clearly not in the paramount interests of the Debtors' largest secured creditor.

Additionally, as detailed above, the payment to Wespac under the Settlement Agreement will occur immediately upon approval of the Settlement Motion. Consequently, Wespac will be paid on its claim prior to all other secured and unsecured creditors, even though Wespac is not an administrative or priority claimant. Even worse, the payment to Wespac under the Settlement Agreement will be made in order to satisfy claims against property that *does not belong to the estate.* Neither Lot 30, nor Lot 45, belongs to the estate. Thus, Wespac's alleged "consideration" of releasing its liens on those Lots has no beneficial effect to the estate. The Debtors have provided no justification for why the Court should approve the payment of estate funds to satisfy liens on non-estate property. This payment is certainly not in the best interests of Silverleaf and other creditors. Since the Settlement Agreement is not in the paramount interests of all other creditors, it cannot be approved.

/ / /

/ / /

/ / /

### D. The Court Cannot Consider Statements of Debtors' Counsel In Support of The Settlement Motion.

Debtors' counsel makes numerous statements in the Settlement Motion, none of which are supported by any evidence in the record. Specifically, Debtors' counsel states the following in the Settlement Motion:

> Various disputes arose between Wespac Communities and Elk Pass relating to the Elk Pass Project. Settlement Motion ¶ 5.
>
> Various disputes arose between Wespac Residential and Creekside following the completion of the Creekside Project. Settlement Motion ¶ 6.
>
> In order to avoid time-consuming, expensive and risky litigation the Parties have negotiated and entered into a Settlement Agreement to resolve their disputes. Settlement Motion ¶ 11.
>
> [T]he Settlement Agreement is fair, equitable, and is in the best interests of the Debtors, the Debtors' other creditors, and the bankruptcy estates. The Settlement is a result of extensive negotiations between the Parties, ***and they believe that the agreement they have reached will work to the benefit of both of them***, as well as the creditor body at large. Settlement Motion at p. 5.
>
> The Settlement will allow the parties to forego the expensive and uncertain litigation associated with the claims. This will benefit the estate in at least two ways: first, it will greatly reduce administrative costs resulting from the fees of counsel for both of the Parties. Second, ***it will allow the Debtors to focus on operating their business.*** Settlement Motion at pp. 5-6 (emphasis added).

Silverleaf objects to these statements on the grounds that, among other things: (i) the Debtors' counsel lacks personal knowledge under Fed. R. Evid. 602; and (ii) the statements constitute hearsay under Fed. R. Evid. 802, 805. As a result, these statements are inadmissible as evidence, and they cannot be used to support the Debtors' Settlement Motion. Debtors therefore have failed to provide any evidence that the Settlement Agreement is in the best interests of the estate, is fair and equitable, and should be approved. Accordingly, the Debtors have not met their burden under the *Woodson* factors, and the Settlement Motion should not be approved. Alternatively,

this Court should conduct an evidentiary hearing on the Settlement Motion, and provide the parties with time to conduct discovery in preparation for the evidentiary hearing.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Silverleaf respectfully requests that the Court deny approval of the Debtors' Settlement Motion. Alternatively, Silverleaf requests that, due to the fact that there is no evidentiary record supporting the Settlement Motion, this Court schedule an evidentiary hearing on the Settlement Motion, and allow the parties to conduct discovery relating to the Settlement Agreement in preparation for the evidentiary hearing.

DATED this 27th day of April, 2011.

                        SNELL & WILMER L.L.P.

                    By: /s/ CMR #027260
                        Christopher H. Bayley
                        Colleen M. Reider
                        One Arizona Center
                        400 E. Van Buren
                        Phoenix, AZ 85004-2202

                        -and-

                        Randall D. Crocker
                        Mark F. Foley
                        von BRIESEN & ROPER, S.C.
                        Attorneys for Silverleaf Acquisition Holdings, LLC, successor-in-interest to Johnson Bank

COPY of the foregoing mailed or e-mailed
this 27th day of April, 2011, to:

Lone Tree Investments, LLC
c/o Patricia E. Nolan
1201 E. John Wesley Powell Blvd.
Flagstaff, AZ 86001
Debtor

| | |
|---|---|
| John J. Hebert | jhebert@polsinelli.com |
| Jennifer Joan Axel | jaxel@polsinelli.com |
| Mark W. Roth | mroth@polsinelli.com |
| Mary B. Martin | mmartin@polsinelli.com |
| Nathan J. Kunz | nkunz@polsinelli.com |
| Wesley Denton Ray | wray@polsinelli.com |

Polsinelli Shughart PC

| | | |
|---|---|---|
| 1 | One E. Washington, Ste. 1200<br>Phoenix, AZ 85004 | |
| 2 | Attorneys for Debtors | |
| 3 | Larry Lee Watson | larry.watson@usdoj.gov |
| | Office of the U.S. Trustee | |
| 4 | 230 N. First Ave., Ste.204<br>Phoenix, AZ 85003-1706 | |
| 5 | | |
| | Henk Taylor | htaylor@LRLaw.com |
| 6 | Scott K. Brown | sbrown@LRLaw.com |
| | Robert R. Roos | rroos@LRLaw.com |
| 7 | Lewis and Roca LLP | |
| | 40 N. Central Ave., Ste. 1900 | |
| 8 | Phoenix, AZ 85004-4429 | |
| | Attorneys for Wespac Communities, Inc. | |
| 9 | | |
| | Richard R. Thomas, Esq. | rthomas@thomas-schern.com |
| 10 | Stephen C. Biggs, Esq. | sbiggs@thomas-schern.com |
| | THOMAS SCHERN RICHARDSON, PLLC | |
| 11 | 1640 S. Stapley Dr., Ste. 132 | |
| | Mesa, AZ 85204 | |
| 12 | Attorneys for San Francisco Peaks Associates, LP | |
| 13 | Joseph E. Cotterman, Esq. | jec@gknet.com |
| | Gallagher & Kennedy, P.A. | |
| 14 | 2575 E. Camelback Road<br>Phoenix, Arizona 85016-9225 | |
| 15 | Attorneys for Johnson Bank | |
| 16 | | |
| | /s/ Colleen M. Reider | |
| 17 | 12977710.1 | |